IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Qianming Fu,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Allriver-Direct et al.,<br><br>　　　　Defendants. | Case No. 2:25-cv-00615<br><br>**COMPLAINT** |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

　　　　Qianming Fu ("Plaintiff") hereby brings the present action against Allriver-Direct et al. identified on Schedule A attached hereto (collectively, "Defendants"). Defendants have infringed, and continue to infringe, the claimed design of Plaintiff's United States Patent No. 12,144,420 B1 ("Asserted Patent" as further defined below) by having manufactured, importing, offering for sale, and selling storage device ("Infringing Products") through online commerce platforms including, but not limited to, Amazon and Temu ("Online Marketplaces"), in direct competition with the product sold by Plaintiff without authorization. In support of its claims, Plaintiff alleges as follows:

**NATURE OF ACTION**

　　　　1.　　Plaintiff is the owner of U.S. Patent No. 12,144,420 B1 titled STORAGE DEVICE. The patent was filed on April 16, 2024, issued on November 19, 2024, and is valid and enforceable. A true and correct copy of the patent is attached hereto as Exhibit 1.

　　　　2.　　Recently, Plaintiff have discovered some fully interactive, and active e-commerce stores were promoting, advertising, marketing, distributing, offering for sale, and selling products using unauthorized Plaintiff's registered Patent through at least the fully interactive e-commerce

1

stores operating under the seller aliases identified in Schedule A. These stores are compiled in the Schedule A as the intended Defendants.

3. This Complaint sets forth claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## THE PARTIES

4. Plaintiff Qianming Fu is an individual residing in the People's Republic of China.

5. Defendants are individuals, partnerships, unincorporated associations, and/or business entities of unknown makeup, each of whom, upon information and belief, reside or operate in foreign jurisdictions and manufacture, distribute, import, offer for sale, and/or sell products, including Defendants' Products, from the same or similar sources in those foreign locations. As stated above, Defendants and any known aliases are identified in Schedule A attached hereto and incorporated here.

6. On information and belief, defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure Rule 17(b). Certain Aliases under which Defendants operate their e-commerce stores are not linked or associated to the true names of the Defendants. The reason why these Aliases are not connected with the true names of the Defendants is that Defendants employed such tactics to conceal their identities and true scope of their operation. Plaintiff pleads with the Court that further discovery is allowed for Plaintiff to obtain such information regarding the Defendants' true identities. Once Plaintiff obtains such information, Plaintiff will amend the Complaint accordingly.

## JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the 28 U.S.C. §§1331 and 1338(a)-(b).

8. The Personal jurisdiction over a non-resident of the state in which the Court sits is proper to the extent authorized by the state's laws. Fed. R. Civ. P. 4(e).

9. Pennsylvania authorizes personal jurisdiction over each Defendant pursuant to Section 5322 of the Pennsylvania Consolidated Statutes, Title 42, which provides in relevant part:

(a) General Rule. --A tribunal of this Commonwealth may exercise personal jurisdiction over a person … who acts directly or by an agent, as to a cause of action or other matter arising from such person:

(1) Transacting any business in this Commonwealth. [A]ny of the following shall constitute transacting business for the purpose of this paragraph:

(i) The doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object.

(ii) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts.

(iii) The shipping of merchandise directly or indirectly into or through this Commonwealth.

(iv) The engaging in any business or profession within this Commonwealth…

***

(3) Causing harm or tortious injury by an act or omission in this Commonwealth.

    (4) Causing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth.

***

    (10) Committing any violation within the jurisdiction of this Commonwealth of any statute, …or rule or regulation promulgated thereunder by any government unit.

(b) Exercise of full constitutional power over nonresidents. --In addition to the provisions of subsection (a) the jurisdiction of the tribunals of this Commonwealth shall extend to all persons who are not within the scope of section 5301 (relating to persons) to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States.

42 Pa. Cons. Stat. § 5322.

    10.    Federal Rule of Civil Procedure 4(k) confers personal jurisdiction over the Defendants because Defendants regularly conduct, transact, and/or solicit business in Pennsylvania and in this judicial district and, upon information and belief, derive substantial revenue from their business transactions in Pennsylvania and in this judicial district. Defendants have availed themselves of the privileges and protections of the laws of Pennsylvania, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process. Defendants should reasonably expect that their acts of Patent Infringement in Pennsylvania would subject them to legal action in Pennsylvania and this judicial district. For example:

    a. Upon information and belief, at all relevant times, Defendants have directed their business activities at consumers in Pennsylvania via Online Marketplaces through which

consumers in Pennsylvania can view Defendants' Online Stores; communicate with Defendants regarding Defendants' Products; and place orders for, purchase, and receive delivery of Defendants' Products in Pennsylvania.

b. Defendants are sophisticated sellers through Online Marketplaces, each operating one or more commercial businesses through which Defendants operate Online Stores to promote, advertise, distribute, offer for sale, and sell Defendants' Products which are imported into the United States.

c. Defendants (although foreign entities) accept payment in U.S. Dollars and offer shipping to Pennsylvania and this judicial district (and calculate tax based on sales into Pennsylvania and this judicial district).

d. Upon information and belief, Defendants have cooperated, communicated, shared information, and/or coordinated their efforts in order to create a marketplace for Defendants' Products that operate in parallel to the legitimate marketplace of Plaintiff and third parties authorized to sell products embodying the limitations of the claims of the Asserted Patent, including employing and benefitting from substantially similar paid advertising, marketing, and/or advertising strategies (e.g., search engine optimization or "SEO") to make their Online Stores appear more relevant and target a consumer searching for relevant terms of the infringing subject matter. By their actions, in addition to the damages associated with unauthorized use of the Asserted Patent, Defendants are causing concurrent and indivisible harm to Plaintiff and the consuming public by: (1) depriving Plaintiff of its right to fairly compete for space within the various Online Marketplaces' search results and reducing the visibility of Storage Devices in the various Online Marketplaces; (2) diluting and eroding the retail market price for Storage Devices; (3)

causing overall degradation of the brand value and/or good will associated with Storage Devices and devices embodying the claims of the Asserted Patent generally; and (4) increasing Plaintiff's cost to market its goods and educate consumers about Storage Devices.

e. Defendants are concurrently targeting their Patent Infringement in, and causing harm in, Pennsylvania.

f. Defendants reside and/or operate in foreign jurisdictions with lax patent enforcement systems and are coordinate their illegal stream of infringing goods and share information about enforcement efforts through public websites, like that for SellerDefense, operated from a non-United States domain.

g. Defendants regularly remove and add products from their Online Stores, making it extremely difficult to enforce Plaintiff's intellectual property rights under the laws of the United States.

h. Upon information and belief, Defendants are aware of Plaintiff and the Asserted Patent, and are aware that their infringement is likely to cause harm to Plaintiff in the United States, Pennsylvania, and this judicial district. Plaintiff is suffering irreparable and indivisible injury and has suffered substantial damages as a result of Defendants' Patent Infringement.

11.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 and 1400(b): Defendants do not reside in the United States and are subject to venue in any district. Further, Defendants solicit business from this judicial district and, upon information and belief, conduct and transact business in this judicial district.

**DEFENDANTS' UNLAWFUL CONDUCT**

**A. Defendants' conduct with respect to patent infringement**

12. As set forth herein, this Complaint sets forth claims for (1) patent infringement arising under the patent laws of the United States, Title 35 of the U.S. Code; and (2) false or misleading descriptions of fact, and/or false or misleading representations of fact, under the Lanham Act, 15 U.S.C. § 1125(a).

13. Defendants, through their Patent Infringement, are directly and unfairly competing with Plaintiff's economic interest and causing harm in the Commonwealth of Pennsylvania, including without limitation within this jurisdiction.

14. Defendants are acting knowingly and intentionally or at least with reckless disregard or willful blindness to Plaintiff's rights in the Asserted Patent.

15. If Defendants' Patent Infringement is not preliminarily and permanently enjoined by this Court, Plaintiff and the consuming public will continue to be harmed.

**B. Defendants' use of Online Marketplaces, Online Storefronts, and Seller IDs**

16. As noted above, Defendants' Products are sold through Online Marketplaces, including without limitation Amazon.com.

17. Defendants direct their business activities toward consumers in the United States, including in this judicial district, through their operation of pseudo-anonymous online commerce storefronts ("Online Storefronts") available in Online Marketplaces.

18. Defendants' Online Storefront use seller identifiers set forth in Schedule A ("Seller IDs") and other aliases not yet known to Plaintiff.

19. To sell through Online Marketplaces, Defendants must register, establish or purchase, and maintain Online Storefronts and Seller IDs associated therewith.

20. Upon information and belief, Defendants engaged in fraudulent conduct with respect to the registration of their Online Storefronts and Seller IDs by providing false and/or misleading information to the operators of the Online Marketplaces during the registration or maintenance process related to their respective Seller IDs.

21. Upon information and belief, Defendants anonymously registered and maintained Seller IDs for the sole purpose of engaging in unauthorized, deceptive, and infringing activities, without regard for United States laws.

22. Upon information and belief, Defendants will continue to register or acquire new Seller IDs and aliases for the purpose of offering for sale and selling Defendants' Products unless enjoined.

23. Defendants' business names, Seller IDs, associated payment accounts, and any other aliases used in connection with the sale of Defendants' Products are essential components of Defendants' online activities and are the means by which Defendants perpetuate their infringement scheme and harm Plaintiff.

24. Plaintiff confirmed that each Defendant was, and is currently, offering for sale and selling Defendants' Products to the consuming public via Defendants' Online Storefronts using their Seller IDs.

25. Defendants purposefully directed some portion of their unlawful activities toward consumers in Pennsylvania, including this judicial district, through their marketing, distribution, importation, offer for sale, sale, and/or shipment of Defendants' Products into this judicial district.

26. All Defendants can and will ship Defendants' Products to consumers in Pennsylvania, including this judicial district.

27. Plaintiff purchased at least one product from each Defendant with shipment thereof to this judicial district.

**C. Defendants' patent infringement**

28. Defendants' Patent Infringement includes (1) direct infringement, (2) indirect infringement, and/or (3) offers to sell infringing products.

29. Plaintiff has not granted any license or otherwise authorized any Defendant in this action to manufacture, distribute, import, offer for sale, and/or sell Defendants' Products.

30. Below is a comparison of Plaintiff's patent and examples of Defendants' Products:

| Asserted Patent | Defendant 1 | Comparison |
|---|---|---|
| 1. A storage device, comprising: a mounting component, a storage component, and at least one elastic piece; wherein the mounting component and the storage component are mounted on wall surfaces at intervals in a gravity direction; the at least one elastic piece is connected between the mounting component and the storage component; the at least one elastic piece, the mounting component, and the storage component are enclosed to define a storage space; under driving of an external force, the at least one elastic piece is deformed to define an entrance of the storage space; | | The product has (1) the mounting component, (2) the storage component, and (3) elastic pieces connecting the components. The mounting component and the storage component are mounted on the wall surfaces. Elatic pieces connects the mounting component and the storage component. The mounting component and the storage components are symmetrical and foldable. |
| | Defendant 2 | |

9

| | | |
|---|---|---|
| wherein the mounting component and the storage component are foldable structures; the mounting component and the storage component are mounted on the wall surfaces at intervals in the gravity direction when unfolded; wherein the mounting component is symmetrical and is foldable along a perpendicular bisector perpendicular to an outer side edge thereof; the storage component is symmetrical and is foldable along a perpendicular bisector perpendicular to an outer side edge thereof. | <br>Defendant 3 | The product has (1) the mounting component, (2) the storage component, and (3) elastic pieces connecting the components.<br>The mounting component and the storage component are mounted on the wall surfaces.<br>Elatic pieces connects the mounting component and the storage component.<br>The mounting component and the storage components are symmetrical and foldable. |

| | |
|---|---|
|  | The product has (1) the mounting component, (2) the storage component, and (3) elastic pieces connecting the components.<br>The mounting component and the storage component are mounted on the wall surfaces.<br>Elatic pieces connects the mounting component and the storage component.<br>The mounting component and the storage components are symmetrical and foldable. |

31.     Even if Defendants' products are not identical to claims in Asserted Patent, the doctrine of equivalents provides the cause of action. The doctrine of equivalents aims to "prevent competitors from pirating the essence of an invention while narrowly avoiding the literal language of the claims" and may be invoked by the plaintiffs at trial. *Laitram Corp. v. Cambridge Wire Cloth Co.*, 863 F.2d 855, 856-57 (Fed. Cir. 1988). Even if the products are not identical, infringement occurs if the accused product performs the same function, in the same way, to achieve the same result as the patented invention. In the present case, Plaintiff's patented invention is a storage device attached to wall. The final exhibition is the combination of mounting component, storage component, and elastic piece to assist proper storage. Defendants' products play the same function in the same way and achieved the same result as the invention, and infringement occurs consequentially.

32. Defendants' Products are (1) substantially identical to each other and the same in all respects in their infringement of the Asserted Patent; and (2) substantially identical to Storage Device such that consumers are likely to be confused.

33. Thus, Defendants' sale of Defendants' Products not only infringes the Asserted Patent but also is likely to confuse the consuming public and erode confidence in the industry as a whole. *See Aquapaw Brands LLC v. Yan Peng, et al.*, No. 2:21-cv-01784-CCW, ECF No. 62, p. 5 (W.D. Pa. Jul. 29, 2022)("[D]eciding whether a product is the 'same' for purposes of joinder under § 299 entails applying a less exacting standard than simply looking to whether a defendant's product is literally identical to the product it allegedly copies" (citing *In re Apple Inc.*, 650 App'x 771, 774 (Fed. Cir. 2015); "[W]hile some of Defendants' products are superficially different from each other's (e.g., different colors or different shapes of the rubber nubs), the products are the same in all respects relevant to the patent.").

34. Defendants are proper joinders of the action at this preliminary pre-discovery stage. Under Rule 20 of Federal Rules of Civil Procedure, multiple parties may be joined in one action as defendants if (1) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action.

35. In the Third Circuit, joinder is proper when the claims arise out of the same transaction and also involve a question of law and fact common to both claims. *Philadelphia Dressed Beef Co. v. Wilson & Co.*, 19 F.R.D. 198, 200. "This rule is cumulative, and a plaintiff must show a right to relief presenting common questions of law or fact and involving the same transaction, occurrence or series of transactions or occurrences." *Id.* Despite the challenges in obtaining the true identities of the Defendants due to their use of Aliases and the lack of stringent

identity verification by third-party platforms, Plaintiff has observed that Defendants share unique identifiers that suggest a strong connection between them[1]. These identifiers include the use of similar marketing strategies, consistent elements in the design and decor of their e-commerce stores, identical or similar payment methods, and similar product descriptions, prices, and images.

36. Joinder in patent cases is governed by 35 U.S.C. § 299, which allows joinder if: (1) relief relates to the offering for sale or selling of the same accused product or process; and (2) questions of fact common to all defendants will arise in the action. *See* 35 U.S.C. § 299(a).

37. "[D]eciding whether a product is the 'same' for purposes of joinder under § 299 entails applying a less exacting standard than simply looking to whether a defendant's product is literally identical to the product it allegedly copies." *In re Apple Inc.*, 650 F. App'x 771, 774 (Fed. Cir. 2015). Here, this is not a case where joinder is sought based solely on allegations that each defendant has infringed the same patent. Instead, the accused products have components that are the same as one another and function the same in all respects relevant to the Asserted Patent. Each of the accused products has a mounting component, a storage component, and at least one elastic piece as described by claim 1 of the Asserted Patent. This illustrates that the Defendants (and the accused products) have been properly joined under 35 U.S.C. § 299(a).

38. Defendants' importation, offering for sale, and/or selling Defendants' Products in the United States all arise from the same transaction, occurrence, or series of transactions or occurrences. Specifically, Defendants are all importing, offering to sell, and selling products believed to be made by the same foreign manufacturer, the identity of which is unknown to

---

[1] The unique identifiers are not just common elements visible in ordinary online stores. The Court shall not assume coincidence between Defendants and construe the complaint "in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences" in favor of the plaintiff. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))

Plaintiff and concealed by Defendants. For example, Defendants' Amazon listings for Defendants' Products do not identify the true "manufacturer" of Defendants' Products but, rather, misleadingly identify the seller as the "manufacturer," deceiving the consuming public as to the source of the goods sold (and preventing Plaintiff from identifying the party responsible for the manufacture of Defendants' Products).

39. Defendants are not licensees to the Asserted Patent, pay no royalties on sale of Defendants' Products, and cause price erosion through the sale of Defendants' Products to Plaintiff's detriment.

40. Defendants manufacture, import, sell, and/or offer for sale Defendants' Products without authorization and in direct competition with Storage Device.

41. The harm and damages sustained by Plaintiff has been directly and proximately caused by Defendants' Patent Infringement in the United States, including in this judicial district.

**D. Concealment of funds obtained from patent infringement**

42. Upon information and belief, Defendants' payment and financial accounts are being used by Defendants to accept, receive, and deposit funds from Defendants' Patent Infringement and False Marketing connected to their Seller IDs and/or any other alias online commerce stores, seller identification names, domain names, or websites being used and/or controlled by them.

43. Upon information and belief, Defendants are likely to transfer or hide their assets to avoid payment of any monetary judgment awarded to Plaintiff as experienced by Plaintiff's owner previously in another case with similar foreign sellers. *See DDC Technology, LLC, v.*

*SHENZHENTAIFEIKEJIYOUXIANGONGSI (D/B/A THAFIKZI), et al*., No.: 2:24-cv-00006-WSH (W.D. Pa.) (ECF No. 62, p. 16).

44. Given the likelihood that Defendants will simply transfer funds from their accounts and open new product listings to continue selling Defendants' Products, Plaintiff has no adequate remedy at law.

45. Plaintiff is suffering irreparable injury and has suffered substantial damages as a result of Defendants' patent infringement.

## COUNT I
### Infringement of the Asserted Patent

46. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

47. Plaintiff is the owner of the Patent. Plaintiff's exclusive rights include the rights to issue licenses, to reproduce, to distribute copies of, to display, and to authorize the creation of derivative works based on the Asserted Patent.

48. Defendants have infringed Plaintiff's Asserted Patent by making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products in the United States without authorization or license from Plaintiffs.

49. Defendants have profited by their infringement of the Asserted Patent, and Plaintiff has suffered actual harm as a result of Defendants' infringement. Defendants' conduct has at all times been willful, intentional, purposeful, and in disregard of and indifferent to the rights of Plaintiff.

50. Defendants have infringed the Asserted Patent and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiffs to suffer irreparable

harm resulting from the loss of their lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiffs are entitled to injunctive relief pursuant to 35 U.S.C. § 283.

51. Plaintiff is also entitled to recover damages adequate to compensate for the losses caused by the infringement, which in no event less than a reasonable royalty for Defendants' infringement of the Asserted Patent, together with interest and costs.

52. Defendants' direct and indirect infringement of the Asserted Patent has injured Plaintiff and will continue to injure Plaintiff, unless and until this Court enters an injunction, which prohibits further infringement and specifically enjoins further manufacture, importation, offer for sale, and sale of Defendants' Products in the United States.

53. Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies as provided by the Patent Act, including damages that Plaintiff has sustained as a result of Defendants' unlawful actions as alleged herein, enhanced discretionary damages, and reasonable attorneys' fees and costs.

54. To the extent Defendants' Products did not literally infringe the Asserted Patent, Plaintiff contends that Defendants' Products infringed under the doctrine of equivalents as argued above because Defendants' Products performed substantially the same function in substantially the same way to obtain the same result as one or more claims of the Asserted Patent.

## COUNT II
### Violation of the Lanham Act 15 U.S.C. § 1125(A)

55. Plaintiff realleges and incorporates by reference paragraphs 1 through 54, inclusive, as though fully set forth herein.

56. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), provides:

(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which –

> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

57. Defendants have violated the Lanham Act through the conduct identified herein as shown by customer reviews in <u>Exhibit B</u>.

58. Defendants are marketing Defendants' Products through unfair, deceptive, and fraudulent means in violation of 15 U.S.C. § 1125(a).

59. Defendants' False Marketing occurred, and is occurring, in interstate commerce through the Online Marketplaces.

60. Specifically, Defendants have made, and continue to make, false and/or misleading descriptions of fact and/or false and/or misleading representations of fact about the nature, characteristics, and/or qualities of Defendants' Products.

61. The foregoing unfair and deceptive conduct by Defendants has caused, and will continue to cause, individual, concurrent, and indivisible harm to Plaintiff and the consuming public, including without limitation, (1) depriving Plaintiff of its right to fairly compete for space within the various Online Marketplaces' search results and reducing the visibility of Plaintiff's storage devices in the various Online Marketplaces; (2) diluting and eroding the retail market price for storage devices; (3) causing overall degradation of the value of goodwill associated with Plaintiff's storage devices and any product embodying the claims of the Asserted Patent generally; and (4) increasing Plaintiff's overall cost to market its goods and educate consumers about Plaintiff's storage devices.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

(1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

(a) making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the infringing product;

(b) aiding, abetting, contributing to, or otherwise assisting anyone in making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the infringing product; and

(c) effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) and (b).

(2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as eBay, AliExpress, Alibaba, Amazon, Taobao, T-Mall (collectively, the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of the infringing product;

(3) That Plaintiff be awarded such damages proven at trial against Defendants that are adequate to compensate Plaintiffs for Defendants' infringement of the Asserted Patent, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs, pursuant to 35 U.S.C. § 284.

(4) That the amount of damages awarded to Plaintiffs to compensate Plaintiffs for infringement of the Asserted Patent be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

(4) Plaintiff is further entitled to recover its attorneys' fees and full costs for bringing this action; and

(5) Award any and all other relief that this Court deems just and proper.

Dated May 6 2025.

        Respectfully submitted
        By: /s/ *Huicheng Zhou*
        One Park Plaza, #600
        Irvine, CA 92614
        Huicheng.zhou@aliothlaw.com
        *Attorney for Plaintiff*